Parker, J.
We think the refusal to grant a nonsuit as to the second cause of action, was error.
The rule is well settled that where there has been a practical location and long acquiescence in a boundary line, it will be taken as conclusive proof that the location is correct. Baldwin v. Brown, 16 N. Y., 359.
In all cases in which practical locations made by paroi have been confirmed, the acquiescence has continued for a long time, rarely less than twenty years. Reed v. Farr, 35 N. Y., 117, and cases cited.
The evidence upon this subject (which is quoted in full in the statement) contains no proof whatever of acquiescence on the part of the owner of the west half, and the alleged location was not claimed to have been made twenty years before the trial of the action. It is clear, therefore, that the evidence did not justify a finding that the line had been located within the principle established by the authorities quoted.
The doctrine is, also, well-established, that when a fairly disputed boundary line is settled by the adjoining owners, acts of adoption of the fine being taken upon the settlement, they will thereafter be estopped from questioning the line so adopted. Vosburgh v. Teator, 32 N. Y., 561; Wood v. Lafayette, 46 id., 484.
That principle, however, cannot be invoked to aid the plaintiff in this case. There is no pretext of a dispute as to the location of the true fine theretofore, or at the time of the survey, while the facts proved are consistent with a finding that the parties were merely attempting to find where the line was.
Even though it could be held that the facts would warrant a jury in finding that what was done constituted a paroi agreement to establish a boundary fine, still in the absence of proof of a dispute or uncertainty in that respect; or proof of long acquiescence on the part of the party sought to be estopped, the agreement would come within the provisions of the Statute of Frauds, which requires a writing to pass title. Rockwell v. Adams, 6 Wend., 467; Terry v. Chandler, 16 N. Y., 364; Vosburgh v. Teator, 32 N. Y., 561.
There was no question of fact for the jury, and the court should have held, as matter of law, that the evidence was insufficient to establish the correctness of plaintiff’s claim, that the west line of marked trees was the true line, and, therefore, as to the second cause of action should have granted a non-suit.
The judgment must be reversed, and a new trial granted, costs to abide the event.
4 Landón, J., concurs.